**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PATRICK MAZZONE, ALBERT STEVE SANDLIN, and ANDREW BIESS,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF MIAMI, a Florida municipal corporation,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)      Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT**

Plaintiffs Patrick Mazzone, Albert Steve Sandlin, and Andrew Biess sue the Defendant

City of Miami, Florida, for injunctive and declaratory relief and damages, and allege as follows:

**INTRODUCTION**

1.    Under the City of Miami's Aggressive or Obstructive Panhandling Ordinance,

Section 37-6 of the City's Municipal Code ("Ordinance"), a person who "begs" (i.e., asks for or

solicits money for charity) in an "aggressive" manner, or who "obstructs" a pedestrian or

vehicular traffic while begging is subject to arrest and fines. The Ordinance applies to all public,

and many private, spaces in the City.

2.    However, a person who solicits or asks for something other than money may do

so in the same manner anywhere in the City at any time, free from restriction or penalty. For

instance, candidates for public office can freely stand on the sidewalk and along City streets in

downtown Miami holding signs and "aggressively" asking people to vote for them. Likewise,

members of a church can stand on the sidewalk or in the street and ask people in cars to join their congregation.

3.      The Ordinance specifically singles out the solicitation of donations for differential treatment and is therefore a content-based restriction subject to strict scrutiny. Because it is not narrowly tailored to any compelling government interest, nor is it the least restrictive means of advancing any such interest, it is an unconstitutional restriction of free speech.

4.      Moreover, the Ordinance is unconstitutionally vague because it fails to provide fair notice of what it proscribes and invites arbitrary enforcement.

5.      The City has vigorously enforced the Ordinance by citing and arresting hundreds of homeless and poor people who ask others for money on City streets.

6.      Plaintiffs are people of limited means who have been arrested for standing along the streets in the City and asking people in cars for money. They want to continue to solicit donations and need to do so to contribute to their survival. But they fear arrest for a violation of the Ordinance if they do so.

7.      The Ordinance is unconstitutional, both facially and as applied to Plaintiffs. Plaintiffs therefore sue the City of Miami for injunctive and declaratory relief and damages, alleging that the Ordinance violates the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

8.      This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S. C. § 1983.

9.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this judicial district.

## PARTIES

11.     Plaintiff Patrick Mazzone is a resident of the City of Miami. He is poor and must request donations from others to contribute to his survival. Plaintiff Mazzone has been arrested for a violation of the Ordinance and has been continually harassed and threatened by the police with arrest while soliciting for charitable donations. He wishes to continue to request donations, but panhandles less than he wants to because he fears arrest under the Ordinance.

12.     Plaintiff Albert Steve Sandlin is a homeless resident of the City of Miami. He is poor and must request donations from others to contribute to his survival. He has been arrested for a violation of the Ordinance and has been continually harassed and threatened by the police with arrest while soliciting for charitable donations. He wishes to continue to request donations, but panhandles less than he wants to because he fears arrest under the Ordinance.

13.     Plaintiff Andrew Biess is a resident of the City of Miami. He is disabled and poor and must request donations from others to contribute to his survival. He has been arrested for a violation of the Ordinance and has been continually harassed and threatened by the police with arrest while soliciting for charitable donations. He wishes to continue to request donations, but panhandles less than he wants to because he fears arrest under the Ordinance.

14.     Defendant City of Miami, Florida, is a municipal corporation organized under the laws of the State of Florida. The Miami Police Department is empowered to enforce the Ordinance. The City is sued based on the acts of its officials, agents, and employees. At all relevant times, the City and its agents were acting under color of state law.

## STATEMENT OF FACTS

**A. Miami Ordinance § 37-6.**

15.     On December 14, 2000, the City enacted Municipal Ordinance 12006, entitled

Aggressive or Obstructive Panhandling Prohibited, later codified as Section 37-6 of the Miami

City Code of Ordinances.

16.      Section (a) of the Ordinance defines "beg" to mean "to ask or solicit for money

or goods as a charity, whether by word, bodily gestures, signs, or other means." Miami Code of

Ordinances, § 37-6(a).

17.     "*Aggressively beg* means to beg with the intent to intimidate another person into

giving money or goods." *Id*. "*Intimidate* means to engage in conduct which would make a

reasonable person fearful or feel compelled to react. Among the circumstances which may be

considered in determining whether the conduct is intended to intimidate another person into

giving money or goods are: (1) Touching the person solicited; (2) Following the person

solicited, or persisting in begging after the person solicited has declined the request; (3) Using

profane or abusive language toward the person solicited; or (4) Using violent or threatening

gestures toward the person solicited." *Id*.

18.     "*Obstruct pedestrian or vehicular traffic* means to walk, stand, sit, lie, or place

an object in such a manner as to block passage by another person or a vehicle, or to require

another person or a driver of a vehicle to take unreasonable evasive action to avoid physical

contact." *Id*.

19.     The Ordinance covers virtually the entire City and applies to any "public place" in

the City, which is defined as "an area generally visible to public view and includes alleys,

bridges, buildings, driveways, parking lots, parks, plazas, sidewalks and streets open to the general public." *Id*.

20.     Section (b), entitled "*Prohibited acts*" states: "It shall be unlawful for a person to intentionally: (1) Aggressively beg; or (2) Obstruct pedestrian or vehicular traffic while begging." *Id*. § (b).

21.     Section (c), entitled "*Permitted activities*" states: "Acts authorized as an exercise of one's constitutional rights include picketing, legal protest, and acts authorized by a permit duly issued by a lawful authority which do not constitute obstruction of pedestrian or vehicular traffic." *Id*. at (c).

22.     The first violation of the Ordinance is punishable by a fine of not more than $100.00 and 30 days imprisonment; a second and subsequent violation is punishable by a fine of not more than $200.00 and 60 days imprisonment. *Id*. § (d).

**B. Enforcement of the Ordinance.**

23.     From passage of the Ordinance in 2000 to the present, the Miami Police Department has aggressively enforced it by arresting hundreds of poor and homeless people throughout the City who were panhandling.

24.     From January 4, 2023, to December 3, 2024, the Miami Police made 383 arrests for violations of the Ordinance. Nearly all of the arrested individuals were subjected to a custodial arrest and were likely taken to jail. Therefore, enforcement of the Ordinance has likely resulted in hundreds of hours of needless jail time.

25.     Upon information and belief, nearly all charges under the Ordinance were dismissed, either by the Court or the State Attorney's Office.

-5-

26.     In addition to regularly arresting people for a violation of the Ordinance, Miami Police routinely harass and threaten to arrest people who are panhandling by driving up to them in marked police cars, sounding a loud buzzer or siren, screaming and cursing at them to leave the area, and threatening them with arrest.

**C.  Plaintiff Patrick Mazzone.**

27.     Plaintiff Patrick Mazzone is forty-two years old and is currently without permanent shelter. He has lived in the City for five years.

28.     To support himself, Mr. Mazzone engages in peaceful panhandling in the City. He stands on the sidewalk or shoulder of a City street and asks people in cars who are parked at a stoplight for money.

29.     On May 6, 2024, at approximately 5:40 p.m., Mr. Mazzone was panhandling on the shoulder of the street at SE 1st Avenue and SE 2nd Street in downtown Miami.

30.     Officer Sandoval of the Miami Police Department stopped Mr. Mazzone, placed him under arrest, and charged Mr. Mazzone with a violation of the Ordinance.

31.     On July 25, 2024, in Miami-Dade County Court, the prosecuting attorney filed a nolle prose and the charge against Mr. Mazzone was dismissed.

32.     Mr. Mazzone remains unemployed and poor and wants to continue to solicit donations in the City to help with his survival, but he fears being arrested for violation of the Ordinance.

33.     When the Miami Police see Mr. Mazzone on the street asking people for money, they threaten him with arrest and tell him to leave the area immediately. This has occurred countless times. When the harassment occurs, Mr. Mazzone is forced to stop collecting donations and leave the area immediately, fearing that if he doesn't, he will be taken to jail.

-6-

34.     Out of necessity for his survival, Mr. Mazzone continues to attempt to support himself by panhandling in the City, although less than he would absent the Ordinance. He panhandles less than he wants to because he fears arrest under the Ordinance.

35.     Consequently, Mr. Mazzone has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First and Fourteenth Amendments.

**D. Plaintiff Andrew Biess.**

36.     Plaintiff Andrew Biess is fifty-two years old and is disabled, uses a wheelchair, and is unemployed. He has lived in the City for over twenty years.

37.     To support himself, Mr. Biess engages in peaceful panhandling in the City. He holds a sign while in his wheelchair along the sidewalk or shoulder of a City street and asks people in cars who are parked at a stoplight for money.

38.     Plaintiff Biess has been arrested and taken to jail by the Miami Police sixteen times for a violation of the Ordinance.

39.     Mr. Biess is well known by the Miami Police Department.

40.     To help support himself, Mr. Biess continues to panhandle in the City, although less than he would absent the Ordinance.

41.     When the Miami Police see Mr. Biess on the street, they constantly harass him, threaten him with arrest, and tell him to leave the area immediately. Mr. Biess is forced to stop collecting donations and leave the area immediately, fearing that if he doesn't, he will be taken to jail.

42.     Plaintiff Biess remains disabled and poor and wants to continue to solicit donations in the City to help with his survival, but he fears being arrested for a violation of the Ordinance. He panhandles less than he wants to because he fears arrest under the Ordinance.

43.     Consequently, Mr. Biess has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First and Fourteenth Amendments.

**E. Plaintiff Albert Steve Sandlin.**

44.      Plaintiff Albert Steve Sandlin is thirty-six years old and is currently homeless and unemployed. He has lived in the City for fifteen years.

45.     To help support himself, Mr. Sandlin engages in peaceful panhandling in the City. He holds a sign and stands on the sidewalk or shoulder of a City street and asks people in cars who are parked at a stoplight for money.

46.     Plaintiff Sandlin has been arrested and taken to jail by the Miami Police seven times for a violation of the Ordinance. In each case, the prosecuting attorney filed a nolle prose and the charges were dismissed.

47.      Mr. Sandlin is well known by the Miami Police Department.

48.     To contribute to his survival, Mr. Sandlin continues to attempt to support himself by panhandling in the City, although less than he would absent the Ordinance.

49.      When the Miami Police see Mr. Sandlin on the street, they constantly harass him, threaten him with arrest, and tell him to leave the area immediately. Mr. Sandlin is forced to stop collecting donations and leave the area immediately, fearing that if he doesn't, he will be taken to jail. He panhandles less than he wants to because he fears arrest under the Ordinance.

50.     Plaintiff Sandlin remains unemployed and poor and wants to continue to solicit donations in the City to help with his survival, but he fears being arrested for a violation of the Ordinance.

51.     Consequently, Mr. Sandlin has suffered and continues to suffer damages and harm for the violation of his constitutional rights under the First and Fourteenth Amendments.

## CLAIMS FOR RELIEF

## COUNT I – First Amendment, 42 U.S.C. § 1983

52.     Plaintiffs incorporate and re-allege each paragraph preceding the Claims for Relief Section and incorporate them by reference herein.

53.      Requests for donations are recognized as speech entitled to First Amendment protection.

54.     The City's streets and sidewalks are traditional public fora.

55.     The City of Miami's Aggressive or Obstructive Panhandling Ordinance, Section 37-6 of the City's Municipal Code, both on its face and as applied and enforced, has violated and continues to violate the right of Plaintiffs Mazzone, Sandlin, and Biess to free speech and free expression, in violation of the First Amendment.

56.      The Ordinance is an unconstitutional content-based restriction of protected speech that is subject to strict scrutiny. It is not narrowly tailored to, nor is it the least restrictive means of, furthering any compelling government interest.

57.      On its face, the Ordinance bans certain speech in certain places.

58.     The Ordinance is facially overbroad because it sweeps too broadly and punishes protected speech.

59.     Pursuant to the overbreadth doctrine, the Ordinance is facially unconstitutional as to all people, not just Plaintiffs. Other people not before the Court desire to engage in legally protected expression but refrain from doing so because they fear the repercussions of the Ordinance.

60.     Because the City has acted and threatened to act to deprive Plaintiffs of their rights guaranteed by the First Amendment to the United States Constitution, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

61.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered irreparable harm and damages, which will continue absent relief.

62.     As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

### COUNT II – Fourteenth Amendment Due Process, 42 U.S.C § 1983

63.     Plaintiffs incorporate and re-allege each paragraph preceding the Claims for Relief Section and incorporate them by reference herein.

64.     The City of Miami's Aggressive or Obstructive Panhandling Ordinance, Section 37-6 of the City's Municipal Code, provides for criminal penalties.

65.     The Ordinance, both on its face and as applied, fails to provide notice that is adequate to enable an ordinary person to understand what conduct is prohibited and how to comply with its regulations.

66.     The Ordinance, both on its face and as applied, fails to establish adequate guidelines to govern law enforcement and hence, authorizes and encourages arbitrary and discriminatory enforcement.

67.     The Ordinance is void for vagueness, in violation of the Due Process Clause of the Fourteenth Amendment.

68.     Because the City has acted and threatened to act to deprive Plaintiffs of their rights guaranteed by the Fourteenth Amendment to the United States Constitution, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

69.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered irreparable harm and damages, which will continue absent relief.

70.     As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## Prayer for Relief

**Wherefore**, Plaintiffs Mazzone, Sandlin, and Biess demand judgment against the City of Miami and request the following relief:

A.  A declaratory judgment declaring that City of Miami Ordinance § 37-6 violates the First and Fourteenth Amendments to the United States Constitution, both facially and as applied to Plaintiffs;

B.  A preliminary and permanent injunction prohibiting the City of Miami and its agents from enforcing City of Miami Ordinance § 37-6;

C.  An award of all damages permitted by law to Plaintiffs, including but not limited to compensatory and nominal damages;

D.  An award of attorneys' fees and costs; and,

E.  Any such other relief that may be appropriate.

## Jury Demand

Plaintiffs demand trial by jury on all counts alleged above.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
E-mail: *dtrevisani@fji.law*
Ray Taseff
Florida Bar No. 352500
E-mail: *rtaseff@fji.law*
Florida Justice Institute, Inc.
40 NW 3rd Street, Suite 200
Miami, Florida 33128
305-358-2081
305-358-0910 (Fax)

By:    *s/Ray Taseff*
        Ray Taseff

Ryan W. Cooke (*pro hac vice forthcoming*)
Abigail L. Thompson (*pro hac vice forthcoming*)
Ellie C. Licata (*pro hac vice forthcoming*)
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, Colorado 80202

**Attorneys for the Plaintiffs**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | | |
|---|---|---|
| PATRICK MAZZONE, ALBERT STEVE SANDLIN, and ANDREW BIESS, | ) ) ) | |
|    Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. |
| CITY OF MIAMI, a Florida municipal corporation, | ) ) ) | |
|    Defendant. | ) ) | |
| _____ | ) | |

## <u>DECLARATION OF PATRICK MAZZONE</u>

I, Patrick Mazzone, make this Declaration Under Penalty of Perjury, declare that the statements below are true, and state:

My name is Patrick Mazzone. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Patrick Mazzone* _____                    Date: May 16, 2025
Patrick Mazzone

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | | |
|---|---|---|
| PATRICK MAZZONE, ALBERT STEVE SANDLIN, and ANDREW BIESS, | ) ) ) | |
|    Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. |
| CITY OF MIAMI, a Florida municipal corporation, | ) ) ) | |
|      Defendant. | ) ) | |
| _____ | ) | |

## <u>DECLARATION OF ALBERT STEVE SANDLIN</u>

I, Albert Steve Sandlin, make this Declaration Under Penalty of Perjury, declare that the statements below are true, and state:

My name is Steve Sandlin. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Albert Steve Sandlin* _____                Date: May 19, 2025
Albert Steve Sandlin

-14-

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | | |
|---|---|---|
| PATRICK MAZZONE, ALBERT STEVE SANDLIN, and ANDREW BIESS, | ) ) ) | |
|   Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. |
| CITY OF MIAMI, a Florida municipal corporation, | ) ) ) | |
|   Defendant. | ) | |
| _____ | ) | |

## <u>DECLARATION OF ANDREW BIESS</u>

I, Andrew Biess, make this Declaration Under Penalty of Perjury, declare that the statements below are true, and state:

My name is Andrew Biess. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/  Andrew Biess_____*                    Date: May 19, 2025

-15-